UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GARFIELD SPENCE,                                     Case No. 0:17-cv-60248-BB

      Plaintiff,

vs.

VACATION RESORTS DEVELOPMENT,
INC., *et al.*,

      Defendants.
_____/

**AGREED MOTION TO VACATE DEFAULT AND DEFAULT FINAL JUDGMENT**

Defendant, INVERRARY RESORT HOTEL CONDOMINIUM ASSOCIATION, INC. ("Defendant" or "Inverrary"), and Plaintiff, GARFIELD SPENCE, by and through their respective counsel, respectfully moves the Court to vacate the default and default final judgment. In support thereof, states as follows:

1. On May 31, 2016, Defendant filed a Chapter 11 Voluntary Petition for Bankruptcy in the Southern District of Florida.

2. On August 5, 2016, Judge Olson for the Bankruptcy Court of the Southern District of Florida appointed Maria Yip as the Chapter 11 Trustee.

3. Since her appointment as the Chapter 11 Trustee, Ms. Yip has managed and operation the hotel on behalf of the pending bankruptcy estate.

4. On January 31, 2017, Plaintiff filed the Complaint in this case.

5. Apparently, Plaintiff served the Complaint on an employee of Inverrary, who failed to inform anyone, including management and the Chapter 11 Trustee. As a result, the Trustee and Trustee's counsel never received notice of the filing of this lawsuit.

6. On March 10, 2017, Plaintiff moved for a default. Plaintiff served Motion for Clerk's Default via certified return receipt to the registered agent.

7. On March 24, 2017, Plaintiff filed a Motion for Default Judgment. Plaintiff served Motion for Default Judgment via certified return receipt to the registered agent.

8. On April 3, 2017, the Court entered a Final Default Judgment against Defendant.

9. Once Trustee and Trustee's counsel were aware of the entry of the Final Default Judgment, they immediately contacted Plaintiff's counsel to inform them of the pending bankruptcy proceeding.

10. Fed. R. Civ. P. 60, provides that a court has the power to relieve a party or its legal representative from a final judgment, order, or proceeding due to mistake, inadvertence, surprise or excusable neglect, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

11. In this case, the Final Default Judgment entered due to the inadvertence of the Defendant's employee failing to notify the proper individuals, especially the Trustee for Trustee's counsel.

12. More importantly, the parties in this case agree that under the circumstances, including the fact that Defendant did not receive notice of the Motion for Default or Motion for Default Judgment, the relief requested is justified and the parties have also stipulated to the relief requested herein.

WHEREFORE, Defendant, Inverrary Resort Hotel Condominium Association, Inc., respectfully prays that this Court will enter an order vacating the default and default final judgment, permitting Defendant, Inverrary, to file an answer with seven (7) days after the default is entered, and granting such other and further relief as the Court considers appropriate.

Respectfully submitted,

| | |
|---|---|
| **MARSHALL SOCARRAS GRANT, P.L.** | **THE SCHAPIRO LAW GROUP, P.L.** |
| *Counsel for The Inverrary Resort Hotel Condominium Association, Inc.* | *Counsel for Plaintiff* |
| 197 South Federal Highway, Suite 200 | 21301 Powerline Road, Suite 106 |
| Boca Raton, FL 33432 | Boca Raton, FL 33433 |
| Telephone: 561.361.1000 | Telephone: 561.807.7388 |
| Facsimile: 561.672.7581 | Facsimile: 810.885.5279 |
| Email: jgrant@msglaw.com | Email: Schapiro@schapirolawgroup.com |
| mdursi@msglaw.com | |
| By: /s/ Joe M. Grant | By: /s/ Douglas S. Schapiro |
| JOE M. GRANT | DOUGLAS S. SCHAPIRO |
| Florida Bar No. 137758 | Florida Bar No. 54538 |
| MELISSA DURSI | |
| Florida Bar No. 118638 | |